UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Jonathan Andrew Perfetto</u>

    v.                                  Civil No. 14-cv-556-PB

<u>Jane Does et al.</u>[1]

**REPORT AND RECOMMENDATION**

Jonathan Perfetto, who is presently an inmate at the New Hampshire State Prison, has filed a complaint (doc. no. 1) pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights, when Perfetto was incarcerated at the Hillsborough County House of Corrections ("HCHC") from November 16, 2009, until November 14, 2010, and again from January 4, 2011, until December 19, 2011. The matter

---

[1] In the caption of the complaint, Perfetto names the following Hillsborough County House of Corrections ("HCHC") employees as defendants to this action: two Jane Doe mail clerks; Field Training Officer ("FTO") Ellis, first name unknown ("FNU"); Corrections Officer ("C.O.") FNU Crowell; C.O. FNU Goodyerez; Lt. FNU Boyer; Capt. Gifford Hiscoe, Chief of Security; Capt. Marc Cussan, Chief of Operations; Denise Ryan, Medical Administrator; Bill Fuller, Medical Supervisor; Dr. Quentin Turnbull, psychiatrist; C.O. FNU Lucas; Superintendent Dave Dionne; and Dr. Matthew Masewic, physician. In the narrative of the complaint, Perfetto identifies the following additional HCHC employees as intended defendants to this suit: C.O. FNU Price; C.O. FNU Goulding; C.O. FNU Sappyenza; Lt. FNU Robbins; Christine Melnick; Nurse Laura, last name unknown; FTO FNU Mackey; FTO FNU Plumkin; and two John/Jane Doe HCHC employees, identified as FTO Mackey's supervisor and FTO Plumkin's supervisor; Lt. FNU Reilly, and Sgt. FNU Brown.

is before the court for preliminary review to determine, among other things, whether the complaint states any claim upon which relief could be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1).

## Procedural History

### I. Perfetto I

The complaint (doc. no. 1) in this matter is substantially similar (but not identical) to a previous complaint Perfetto filed in another case in this court, Perfetto v. Alexis, Civil No. 12-cv-393-JL ("Perfetto I"). In that case, the magistrate judge issued a report and recommendation, see Perfetto I, doc. no. 11, recommending that all but two of the claims in the complaint be dismissed, and issued an order, see id., doc. no. 12, serving claims alleging excessive force and a violation of Perfetto's rights under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a), et seq. ("RLUIPA").[2] Before the district judge acted on the report and recommendation, however, Perfetto filed a motion to voluntarily

---

[2]Perfetto has not asserted a RLUIPA claim in this action. The court assumes the omission was intentional. Accordingly, if Perfetto intended to raise such a claim in this matter, he must move to amend his complaint accordingly.

dismiss his complaint, see Perfetto I, doc. no. 31, without prejudice, which was granted, see id., doc. no. 37.  Judgment was entered, see id., doc. no. 38, and the case was closed, on December 27, 2013.

**II.   Perfetto II**

On December 15, 2014, Perfetto filed the complaint (doc. no. 1) in this action ("Perfetto II"), in which he reasserted the claims raised in Perfetto I, all of which are alleged to have occurred between November 16, 2009, and December 19, 2011.  This action was brought within one year of the date Perfetto I was dismissed without prejudice.

### Standard for Preliminary Review

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

**Discussion**

I. **Claims Recommended for Dismissal in Perfetto I**

Perfetto's instant complaint sets forth fifteen claims for relief. For the reasons set forth in the report and recommendation issued on May 21, 2013, in Perfetto I, the court recommends that the following claims in the instant complaint be dismissed for failure to state a claim, as they are repetitive of the claims that the court, in Perfetto I, found should be dismissed. Specifically, Perfetto asserts that defendants violated his constitutional rights by:

- failing to track indigent mail (Claim 1);

- failing to track legal mail (Claim 2);

- failing to send legal mail by certified mail (Claim 3);

- failing to provide inmates with inmate request slips and medical request forms in an appropriate format (Claims 4 and 5);

- refusing to accept certain incoming religious mail, and utilizing improper procedures for religious mail (Claims 7 and 10);

- denying plaintiff medicine prescribed by his outside physician (Claim 6);

- allowing Perfetto's medications to run out (Claims 8 and 13);

- committing safety violations which had the potential to place Perfetto in harm's way (Claim 9);

- causing plaintiff to reoffend upon his release by not

4

>     providing him with certain medications during his 2009-2010
>     incarceration (Claim 11);

- destroying certain documents that Perfetto had erroneously served on them (Claim 12); and

- releasing Perfetto, after he served his maximum sentence, while Perfetto was actively suicidal (Claim 14).

## II.  **Excessive Force (Claim 15)**

In Perfetto I, the court directed service of an excessive force claim against HCHC FTO "Plumtin" (identified as FTO Plumkin in the instant complaint).  In this action, Perfetto again asserts that Plumkin punched him twice, gratuitously, on November 30, 2010, and the court again finds that the assertions against Plumkin are sufficient to allow an excessive force claim to proceed against him.

Here, Perfetto also alleges claims against other HCHC officers, stating that, during the assault, those officers blocked Perfetto's cell door so that jail cameras could not record what was occurring inside the cell.  The assertions against the officers other than Plumkin are insufficient to demonstrate that any one of them observed the assault, had the opportunity to prevent the assault, and failed to intervene on Perfetto's behalf.  Moreover, the officers' alleged presence in the cell doorway does not, without more, give rise to liability for a constitutional violation, and Perfetto has thus failed to

state actionable claims against any officer other than Plumkin.

## Conclusion

For the foregoing reasons, the court recommends that all of the claims in the complaint (doc. no. 1), with the exception of the excessive force claim asserted against FTO Plumkin, be dismissed. The court further recommends that all of the defendants other than Plumkin be dropped from this action. In an Order issued this date, the court directs service of the complaint, in regard to the excessive force claim, upon Plumkin.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010)

_____
Andrea K. Johnstone
United States Magistrate Judge

May 20, 2015

cc: Jonathan A. Perfetto, pro se