```
              UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Jonathan A. Perfetto**

    v.                                  Civil No. 14-cv-556-PB
                                              Opinion No. 2016 DNH 110
**Jonathan Plumpton, et al.**


### MEMORANDUM AND ORDER

Jonathan Perfetto, proceeding pro se, has brought claims for damages against several current and former Hillsborough County House of Corrections ("HCHC") employees, based on the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). He has sued Captain Marc Cusson, Superintendent David Dionne, former Superintendent James O'Mara, and two Jane Doe mailroom clerks, all in their official capacities.

Defendants Cusson, Dionne, and O'Mara have moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Perfetto's RLUIPA claims.[1] They argue that Perfetto's claims fail because the statute does not permit inmates to recover damages on their RLUIPA claims. They base their argument primarily on cases from other jurisdictions in which courts

---

[1] The Jane Doe defendants have not been served in this matter, and the pending motion to dismiss was not filed on their behalf.

rejected RLUIPA claims on sovereign immunity grounds. Because I determine that this case law is either distinguishable or unpersuasive, I deny defendants' motion.

## I. BACKGROUND

Perfetto, a Jehovah's Witness and former HCHC inmate, alleges that the defendants violated RLUIPA by enforcing a prison policy that barred Perfetto from distributing religious materials to other inmates. The defendants' actions, Perfetto claims, substantially burdened his religious practice of "preach[ing] the good news of God's Kingdom." Perfetto v. Alexis, No. 12-cv-393-JL, Doc. No. 11 at 9. After preliminary review, Magistrate Judge Johnstone determined that Perfetto had adequately alleged a substantial burden on his religious practice. She therefore directed service of Perfetto's RLUIPA claims on defendants Cusson, Dionne, O'Mara, and the two mailroom clerks, all in their official capacities.[2] See Doc. No.

---

[2] Perfetto initially filed his RLUIPA claims in Perfetto v. Alexis, No. 12-cv-393-JL ("Perfetto I"), a case that was voluntarily dismissed without prejudice. I have allowed Perfetto's current claims to proceed in this action and incorporate by reference the facts supporting the claims asserted in Perfetto I. In Perfetto I, Perfetto brought additional RLUIPA claims, including individual capacity claims, and sought injunctive relief. The court's prior orders disposed of those claims, and I do not address them here.

34 at 1-2.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion, a plaintiff must allege sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it provides "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," id., but "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of wrongdoing. Twombly, 550 U.S. at 556.

I employ a two-step approach in deciding a Rule 12(b)(6) motion. See Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). First, I screen the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id.

---

Perfetto's current complaint also included an excessive force claim against defendant Jonathan Plumpton. That claim has been voluntarily dismissed with prejudice, and Plumpton has been dropped as a defendant. See Doc. Nos. 62, 63. Accordingly, only Perfetto's RLUIPA damage claims remain.

(citations, internal punctuation, and alterations omitted). I then accept as true all non-conclusory factual allegations and the reasonable inferences drawn therefrom, and determine whether the claim is plausible. Id. Because Perfetto is proceeding pro se, I construe his pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. ANALYSIS

Defendants base their motion to dismiss almost exclusively on cases in which courts dismissed plaintiffs' RLUIPA damages claims on sovereign immunity grounds.[3] See Doc. No. 48-1 at 4-9. Accordingly, I treat defendants as though they were asserting a sovereign immunity defense. Before turning to that argument, however, I address two threshold issues: (1) whether RLUIPA's text permits a damage remedy, and (2) if so, whether plaintiffs can bring RLUIPA damage claims against county employees in their official capacities. I begin with the statutory text.

RLUIPA requires courts to apply strict scrutiny to prison

---

[3] Defendants argue in passing that Perfetto "has also failed to establish the existence of" a substantial burden on his religious practice. See Doc. No. 48-1 at 9. To the extent that the defendants are arguing that Perfetto has not alleged sufficient facts to support his RLUIPA claims, the defendants have not adequately developed that argument. I therefore decline to dismiss Perfetto's claims on that basis.

4

policies that substantially burden an inmate's religious exercise. See Spratt v. R.I. Dept. of Corrs., 482 F.3d 33, 42 n.14 (1st Cir. 2007) (noting RLUIPA's "statutory requirement that we apply strict scrutiny"). Section 3 of RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise" of an institutionalized person, unless the government can show that the burden "is in furtherance of a compelling governmental interest" and "is the least restrictive means of furthering" that interest. 42 U.S.C. § 2000cc-1(a); Sossamon v. Texas, 563 U.S. 277, 281 (2011). Section 3 applies "in any case" in which "the substantial burden is imposed in a program or activity that receives Federal financial assistance." § 2000cc-1(b)(1); Sossamon, 563 U.S. at 281-82. "RLUIPA provides greater protection to inmates' free-exercise rights than does the First Amendment." Kuperman v. Wrenn, 645 F.3d 69, 79 (1st Cir. 2011); see also 42 U.S.C. § 2000cc-3(g) (requiring that the statute be "construed in favor of a broad protection of religious exercise").

    RLUIPA creates an express private right of action. "A person may assert a violation of [RLUIPA] as a claim or defense in a judicial proceeding and obtain <u>appropriate relief</u> against a government." 42 U.S.C. § 2000cc-2(a) (emphasis added). Here,

"government" includes states, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law.  See § 2000cc-5(4)(A); Sossamon, 563 U.S. at 282.

RLUIPA thus allows inmates to recover "appropriate relief," 42 U.S.C. § 2000cc-2(a), but does not specify whether, and when, money damages are "appropriate."  When, however, Congress creates a private right of action to enforce a federal law, damages are presumptively available as an "appropriate" remedy, unless Congress has clearly expressed its intention that damages are not recoverable.  See Franklin v. Gwinnett Cty. Pub. Schs., 503 U.S. 60, 73 (1992) (holding that compensatory damages are available under Title IX's implied right of action, because Congress did not express an intention to limit available remedies); Centro Familiar Cristiano Buenas Nuevas v. City of Yuma, 651 F.3d 1163, 1168 (9th Cir. 2011) (allowing RLUIPA damage claim to proceed against municipality, because RLUIPA "speaks without any 'clear direction' excluding damages relief"); Opulent Life Church v. City of Holly Springs, Miss., 697 F.3d 279, 290 (5th Cir. 2012) (same).  By authorizing plaintiffs to recover "appropriate relief," RLUIPA "contains no indication, much less clear direction, that it intends to exclude a money damages remedy."  Opulent Life Church, 697 F.3d

6


at 290.  Accordingly, RLUIPA's text allows plaintiffs to pursue damages claims against defendants who are subject to liability under the Act.  See id.

RLUIPA was enacted pursuant to the Constitution's spending and commerce clauses.  See Sossamon, 563 U.S. at 281.  As a result, although the First Circuit has reserved judgment on the issue, other courts have determined that RLUIPA does not permit damage claims against defendants who have been sued in their individual capacities, and do not themselves receive federal funds.  See Kuperman v. Wrenn, 645 F.3d 69, 78-79 (1st Cir. 2011) (reserving judgment on the issue and describing case law in other circuits).  Perfetto has avoided this issue by suing the defendants only in their official capacities.

An official-capacity suit is "in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see Surprenant v. Rivas, 424 F.3d 5, 19 (1st Cir. 2005); Wood v. Hancock County Sheriff's Dep't, 354 F.3d 57, 58 n. 1 (1st Cir. 2003).  Put another way, "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978).  Accordingly, "a string of Supreme

Court cases holds that a suit against a government officer in his or her official capacity binds the agency or other governmental entity, not the officer personally." Am. Policyholders Ins. Co. v. Nyacol Prods., Inc., 989 F.2d 1256, 1259 (1st Cir. 1993). Therefore, for the purposes of analysis, I treat Perfetto's suit in this case as a suit against the county itself.

Defendants do not take issue with the foregoing analysis. Nor have they argued that Hillsborough County is not subject to suit under RLUIPA because it does not receive federal funds. Instead, they rely on cases from other jurisdictions in which courts determined that sovereign immunity bars RLUIPA claims.

Defendants principally cite cases in which courts dismissed RLUIPA damages claims on sovereign immunity grounds against state, rather than county, employees. See Doc. No. 48-1 at 8-9. Sovereign immunity does not affect Perfetto's claim here, however, because the Supreme Court and First Circuit have consistently held that counties, unlike states, do not enjoy sovereign immunity. See Metcalf & Eddy, Inc. v. Puerto Rico Aqueduct & Sewer Auth., 991 F.2d 935, 939 (1st Cir. 1993) ("[P]olitical subdivisions of a state, such as municipalities and counties, do not lie within the Eleventh Amendment's

reach."); Kelley Bey v. Keen, No. 3:13-CV-1942, 2014 WL 3563475, at *13 (M.D. Pa. July 17, 2014) (citing Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977)).

Defendants also note that some courts have dismissed RLUIPA claims for damages against county employees who were sued in their official capacities. See Doc. No. 48-1 at 9 (citing Scott v. Brown, No. 1:11-CV-2514-TWT-JFK, 2012 WL 1080363, at *4 (N.D. Ga. Jan. 31, 2012)). Yet, as the defendants concede, these courts often acted without acknowledging the general rule that counties are not entitled to sovereign immunity. See Doc. No. 48-1 at 8 ("Admittedly, a number of these cases have either failed to set forth the distinction [between states and counties] or have limited their logic to the application of the Eleventh Amendment . . . ."); see also Amos v. Karol, No. 1:14-CV-63 SNLJ, 2016 WL 492707, at *2 (E.D. Mo. Feb. 9, 2016); Sam v. Fort Bend Cty. Sheriff's Office, No. CIV.A. H-12-3425, 2014 WL 637137, at *7 (S.D. Tex. Feb. 18, 2014); Sleighter v. Kent Cty. Jail Admin., No. 1:12-CV-763, 2013 WL 5320203, at *5 (W.D. Mich. Sept. 20, 2013); Schecter v. Bucks Cty., No. CIV.A. 11-1617, 2011 WL 2713796, at *3 (E.D. Pa. July 13, 2011). These

decisions are therefore unpersuasive.[4]

Finally, the Supreme Court's interpretation of the term "appropriate relief" in Sossamon v. Texas does not compel a different result. In Sossamon, the Court held that RLUIPA's authorization of "appropriate relief" is not "the unequivocal expression of state consent" required to waive sovereign immunity. 563 U.S. at 285. Sossamon is thus "grounded on the line of Eleventh Amendment authority requiring 'clear expression' to abrogate the sovereign immunity of states from damages claims." Centro Familiar Cristiano Buenas Nuevas, 651 F.3d at 1169; see Sossamon, 563 U.S. at 288; Lane v. Pena, 518 U.S. 187, 192 (1996) (explaining that a waiver of sovereign immunity "will be strictly construed, in terms of its scope, in

---

[4] In contrast, where courts acknowledge that sovereign immunity does not protect county officials, they often conclude that RLUIPA damage claims may be viable against county employees. See, e.g., Pabon v. Cheshire Cty. Dep't of Corr., No. 15-CV-115-LM, 2015 WL 2092808, at *2 (D.N.H. May 5, 2015) (approving report and recommendation); Kelley Bey, 2014 WL 3563475, at *13 (declining to dismiss RLUIPA claim against county defendants sued in their official capacities, because such claims are "not barred by the Eleventh Amendment"); Turner, 2013 WL 3272481, at *4 (reserving question); Aladimi v. Hamilton Cty. Justice Ctr., No. 1:09-CV-398, 2012 WL 292587, at *1 (S.D. Ohio Feb. 1, 2012), report and recommendation adopted, No. 1:09-CV-398, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (noting that it "remains an open question" whether RLUIPA damages claim against county employee in his official capacity is viable).

favor of the sovereign"); see also Haight v. Thompson, 763 F.3d 554, 571 (6th Cir. 2014) (Cole, C.J., concurring) ("Sossamon was decided on narrow grounds specific to the legal framework at issue in that case — namely, sovereign immunity.").

That requirement does not apply here, though, because, as I have explained, the defendants in this case are not entitled to sovereign immunity.  Instead, to determine whether RLUIPA authorizes damages claims against counties, the meaning of "appropriate relief" turns on a different rule -- that federal courts can award damages in support of a private right of action absent "clear direction" that Congress intended to exclude a damage remedy.  See Centro Familiar Cristiano Buenas Nuevas, 651 F.3d at 1169.  As explained above, Congress did not clearly bar damage claims when it authorized plaintiffs to recover "appropriate relief" on their RLUIPA claims.  Id.

The defendants thus have not supplied an adequate basis to dismiss Perfetto's RLUIPA claims.  Perfetto's suit, however, raises a question that the parties have not yet addressed -- what standard governs counties' liability under RLUIPA for the alleged wrongful conduct of their employees?  In answering this question, some courts have suggested that counties or municipalities can be held vicariously liable under RLUIPA for

11

their employees' actions.  See, e.g., Alderson v. Burnett, No. 1:07-CV-1003, 2008 WL 4185945, at *3 (W.D. Mich. Sept. 8, 2008) (stating that "municipal entities can be held vicariously liable under RLUIPA"); Layman Lessons, Inc. v. City of Millersville, Tenn., 636 F. Supp. 2d 620, 643 (M.D. Tenn. 2008) (same); Agrawal v. Briley, No. 02 C 6807, 2004 WL 1977581 (N.D. Ill. Aug. 25, 2004) ("RLUIPA appears implicitly to authorize *respondeat superior* liability against municipalities . . . ."). Other courts disagree, concluding that vicarious liability is unavailable under RLUIPA.  These courts reason that, as with Section 1983 claims, a county or municipality cannot be liable for a RLUIPA violation merely because it employs a tortfeasor. See, e.g., Mahone v. Pierce Cty., No. C10-5847 RBL/KLS, 2011 WL 3298898, at *3 (W.D. Wash. May 23, 2011), report and recommendation adopted, No. C10-5847 RBL/KLS, 2011 WL 3298528 (W.D. Wash. Aug. 1, 2011); Greenberg v. Hill, No. 2:07-CV-1076, 2009 WL 890521, at *3 (S.D. Ohio Mar. 31, 2009) ("[T]o establish liability under RLUIPA (and Section 1983), a plaintiff must prove, among other things, the personal involvement of each defendant in the alleged violation"); see also Patel v. Bureau of Prisons, 125 F. Supp. 3d 44, 55 (D.D.C. 2015) (concluding that "pure vicarious liability . . . is not sufficient to state

12

Case 1:14-cv-00556-AJ   Document 65   Filed 07/01/16   Page 13 of 13

a claim under [the Religious Freedom Restoration Act]").

Because the parties do not address this question, I express no opinion regarding the appropriate standard here.

## IV.  CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (Doc. No. 48) is denied.

SO ORDERED.

<div style="text-align: right">

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

</div>

July 1, 2016

cc:   Jonathan A. Perfetto, pro se
      John A. Curran, Esq.

13